# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

BRUCE DRAPER,                      )
                                   )
        Plaintiff,         )
                                   )
vs.                                )   Case No. CIV-14-942-M
                                   )
WILLIAM CITTY (C.O.P.) and CITY    )
OF OKLAHOMA,                       )
                                   )
        Defendants.        )

## ORDER

Before the Court are defendants' Motion to Dismiss, filed November 20, 2014, and defendants' Amended Motion to Dismiss, filed November 21, 2014. On December 1, 2014, plaintiff filed his response. Defendants move this Court to dismiss plaintiff's Complaint, asserting, in part, that the Complaint fails to state a claim upon which relief can be granted.

Federal Rule of Civil Procedure 8(a) provides:

> A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Additionally, regarding the standard for determining whether to dismiss a claim for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

> alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Having carefully reviewed plaintiff's Complaint, the Court finds that plaintiff has failed to state a claim upon which relief can be granted. Specifically, the Court finds that plaintiff has not set forth a short and plain statement of the grounds for this Court's jurisdiction. Additionally, the Court finds that plaintiff has not set forth sufficient factual allegations that defendants are responsible for the operation of the Oklahoma County Jail and the Oklahoma County Sheriff's office such that defendants would be liable for the misconduct alleged in the Complaint.

Accordingly, the Court GRANTS defendants' Motion to Dismiss [docket no. 8] and Amended Motion to Dismiss [docket no. 9] and DISMISSES this action.

**IT IS SO ORDERED this 4th day of February, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE